**SO ORDERED.**

**SIGNED this 14th day of January, 2013.**



_____
Dale L. Somers
United States Bankruptcy Judge
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: MARK STEPHEN NEIGHBORS, SHELLY KAY NEIGHBORS, and NEIGHBORS INVESTMENTS, INC.,<br><br>DEBTORS. | CASE NO. 11-21003 and<br>CASE NO. 11-21022<br>CHAPTER 11 |
| MARK STEPHEN NEIGHBORS, SHELLY KAY NEIGHBORS, and NEIGHBORS INVESTMENTS, INC.,<br><br>PLAINTIFFS,<br><br>v.<br><br>LINDA LOUISE BEADLE,<br><br>DEFENDANT. | ADV. NO. 12-06097 |

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANT'S MOTION TO DISMISS PURSUANT TO 28 U.S.C. § 1334(c)(1)

Defendant Linda Louise Beadle moves to dismiss this adversary proceeding under 28 U.S.C. § 1334(c)(1),[1] which permits a bankruptcy court "in the interest of justice, or in the interest of comity with State courts or respect for State law" to abstain from hearing a proceeding under Title 11, or arising in, or related to, a proceeding under Title 11. She argues that such abstention is appropriate because all of the elements of mandatory abstention under § 1334(c)(2) except one are present. For the following reasons, the Court denies the motion.

Generally, if most elements of mandatory abstention are present, a court will exercise discretionary abstention.[2] The requirements for mandatory abstention include a finding that the matter is noncore, that an action is pending in state court, and that the state court action can be timely adjudicated. Defendant acknowledges that there is no pending state court case, but argues that this should not preclude the relief she seeks.

The Court finds the absence of a pending state law claim to be very significant since, as stated in the statute, deference to state courts is one of the foundations of abstention. In addition, the requirement of a noncore proceeding is also lacking. The complaint alleges a claim for turnover under 11 U.S.C. § 542, based upon Defendant's allegedly fraudulent conduct while an employee of Debtor Neighbors Investments.

---

[1] Future references to Title 18 in the text shall be to the section number only.

[2] *Board of Directors, Olathe Public Library v. Century Office Products, Inc.*, 164 B.R. 339, 341 (D. Kan. 1994).

2

Claims under 11 U.S.C. § 542 are core proceedings.[3] Defendant argues that, not withstanding the wording of the complaint, the claim is in reality a state law fraud claim. But, given the sparse record at this early stage of the proceedings, the Court will not ignore the clear statement in the Complaint that it is brought under 11 U.S.C. § 542 and consider the proceeding to be a noncore state law claim for the purpose of ruling on the abstention motion. Further, because there is no pending state court proceeding by the Plaintiffs against the Defendant, there is no record on which to determine that, if such an action were filed, it could be timely adjudicated. The Court rejects Defendant's argument that it should exercise its discretionary power to abstain because most of the elements of mandatory abstention are present.

In addition, after considering the factors traditionally considered when ruling on a motion for discretionary abstention, the Court finds the case should remain in bankruptcy court. "Although this permissive abstention applies to both core and noncore maters, it is unusual in core proceedings for the court to exercise permissive abstention."[4] There are no circumstances here which indicate that the Court should take the unusual action of abstaining from a turnover proceeding. Retention of the proceeding will promote the efficient administration of the estates, the Court is familiar with the state law of fraudulent conduct, and the case will not unduly burden this Court's docket. Assuming

---

[3] 28 U.S.C. § 157(b)(2)(E).

[4] 1 William L. Norton, Jr., and William L. Norton III, *Norton Bankr. Law & Practice 3d*, § 8.6 (Thomson Reuters/West 2012).

Case 12-06097    Doc# 11    Filed 01/14/13    Page 3 of 4

that the case proceeds and trial is necessary, any right which Defendant may have to a jury trial can be preserved in an appropriate manner.

For the foregoing reasons, the Defendant's motion to dismiss is denied.

**IT IS SO ORDERED**.

###